OPINION
On June 1, 1999, the defendant, Franklin Bates, was arrested for assaulting a peace officer in violation of R.C. 2903.13(A). Bates was indicted for the offense on June 25, 1999, but his arraignment was delayed because he was incarcerated in a local jail in Randolph County, Indiana on pending charges against him. Upon learning of the pending charges in Indiana, the Montgomery County, Ohio authorities promptly filed a detainer against Mr. Bates. The detainer was filed on July 29, 1999.
On March 18, 2000, the defendant was transported to the Montgomery County jail, and on March 21, 2000, Bates stood moot at his arraignment as bond was continued in the amount of $5,000.00.
On April 3, 2000, counsel for the defendant filed a motion to dismiss the indictment claiming a violation of Bates' statutory right to a speedy trial under the provisions of R.C. 2945.71. On May 18, 2000, the motion was overruled by the Common Pleas Court, and on June 12, 2000, Mr. Bates entered a plea of no contest to the assault charge. However, he was found guilty of the offense, and from the judgment and sentence thereupon entered in the trial court, Bates has filed a timely notice of appeal to this court.
In this court, the appellant has submitted his only assignment of error as follows:
 THE COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT RULED THAT HIS RIGHTS TO A SPEEDY TRIAL UNDER O.R.C. SECTIONS 2945.71 ET SEQ. WERE NOT VIOLATED BY THE STATE'S LACK OF DILIGENCE IN PROSECUTING HIM.
In support of the alleged error, Bates refers to R.C. 2945.71 and argues that he was not brought to trial within two hundred seventy days whereas the State relies upon R.C. 2945.72, which provides specifically as follows:
 The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability[.] (Emphasis ours).
In the recent case of State v. Bailey (Sept. 15, 2000), Montgomery App. No. 18119, unreported, which has many characteristics similar to those of the present case, members of this court disagreed as to whether the "reasonable diligence" clause of R.C. 2945.72(A) applies exclusively to extradition proceedings and not to confinement in another state, and such difference of opinion alone reveals and illustrates a statutory ambiguity which requires interpretation in favor of Mr. Bates. See, R.C.2901.04. Therefore, the critical issue in this case is whether the State, under all of the circumstances, used "reasonable diligence" in bringing Bates to trial on the assault charge.
In this regard, it does not appear that the statutory requirement of "reasonable diligence" imposes a particularly exacting duty, and what constitutes the exercise of reasonable diligence, therefore, might vary substantially from case to case. In this case, the Common Pleas Court commented upon the issue as follows:
 The court is unaware of any statutory provision, nor did counsel bring one to the court's attention, similar to R.C. 2963.30 or R.C. 2941.401 whereby a defendant facing pending Ohio charges can be brought to Ohio for trial from another State while confined in a local jail either pending trial or serving a local sentence. If the State can do nothing to compel the defendant's removal to Ohio, while confined in the out-of-state jail, then the placement of a detainer by the State is reasonable diligence to secure the defendant's availability.
Because of the time limitations which ordinarily attend local jail confinement, this case is not impressed with any constitutional implications, and under the existing circumstances, the Montgomery County authorities employed the most reliable, if not the only, means "to secure the defendant's availability." To be sure, the appellee could have voluntarily made a phone call or written a letter requesting permission for an earlier trial for Mr. Bates, as suggested by the appellant, and by the same token, Mr. Bates probably could have voluntarily requested an earlier disposition of the detainer. However, neither was required to do so, and the use of the only vehicle provided by law to change the status of Bates from unavailable to available invoked "reasonable diligence" of the type contemplated by R.C. 2945.72(A). Hence, this court is not disposed to interfere with the finding of the Common Pleas Court.
The assignment of error is overruled, and the judgment of the trial court will be affirmed.
WOLFF, PJ., concurs.